# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

BRAD NEWKIRK,

    Plaintiff,

vs.

GKN ARMSTRONG WHEELS, et al.,

    Defendants.

No. C15-3127-MWB

ORDER REGARDING DEFENDANT'S PARTIAL MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

_____

This case is before me on defendant GKN Armstrong Wheels's ("GKN") Partial Motion To Dismiss Or, In The Alternative, For Summary Judgment (docket no. 6). In response, plaintiff Brad Newkirk has filed an Amended Complaint, as well as a resistance to GKN's motion. "[A]n amended complaint replaces the original." *Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 702 (1982) (White, J., concurring in part & dissenting in part on other grounds, joined by Powell, Rehnquist, & O'Connor, JJ.). The filing of the amended complaint renders the original Complaint null and void. *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."); s*ee also Ramallo Bros. Printing, Inc. v. El Dia, Inc.*, 490 F.3d 86, 88 n.2 (1st Cir. 2007) ("[Plaintiff's] amended complaint completely supersedes his original complaint, and thus the original complaint no longer performs any function in the case.") (citation omitted); *Swanson v. Perez*, 250 Fed. App'x 596, 597 (5th Cir. 2007) ("An amended complaint supersedes the original complaint and renders it of no legal effect ….") (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.

1994)); *Enderwood v. Sinclair Broadcast Group, Inc.*, 233 Fed. App'x 793, 800 (10th Cir. 2007) ("an amended complaint ordinarily supersedes the original complaint and renders it of no legal effect") (quoting *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991)); *Young v. City of Mt. Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect).

Because the original Complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) ("If anything [plaintiff's] motion to amend the complaint rendered moot [defendant's] motion to dismiss the original complaint.") (citation omitted)); *see also Onyiah v. St. Cloud State Univ.*, 655 F. Supp.2d 948, 958 (D. Minn. 2009) ("[A]s a general proposition, if a defendant files a Motion to Dismiss, and the plaintiff later files an Amended Complaint, the amended pleading renders the defendant's Motion to Dismiss moot." (citations omitted)); *Cedar View, Ltd. v. Colpetzer*, 2006 WL 456482, *5 (N.D. Ohio Feb. 24, 2006) (the "earlier motion to dismiss … and motion for judgment on the pleadings . . . are denied as moot, as they refer to a version of the complaint that has since been replaced. . . ."); *Kentucky Press Ass'n, Inc. v. Kentucky*, 355 F.Supp.2d 853, 857 (E.D. Ky. 2005) ("Plaintiff's amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot.") (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)). Accordingly, defendant GKN's Partial Motion To Dismiss Or, In The Alternative, For Summary Judgment is denied as moot. Defendant GKN is, of course, free to file a renewed motions to dismiss, directed at the allegations in the Amended Complaint.

**IT IS SO ORDERED**.

**DATED** this 3rd day of November, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA